UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HERMUS CRADDOCK, | ) | CASE NO. 4:08 CV 2239 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| JOSEPH GUNJA, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

On September 22, 2008, petitioner *pro se* Hermus Craddock, formerly an inmate at the Northeast Ohio Correctional Center (NEOCC), filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Petitioner seeks an order reducing his federal sentence by two or three days for each day served at NEOCC, on the ground that "the 'Totality of the Circumstances and Conditions' at the Northeast Ohio Correctional Center borderline and/or straddle on cruel and unusual punishment, a violation of the Eighth (8) Amendment of the United States Constitution as well as the Fifth (5) and Fourteenth (14) Amendment Due Process Clause, and this has caused him to serve a more onerous period of federal pre-trial detention than that which was contemplated by the sentencing Court." Petitioner cites numerous cases in support of his request. See Petition, p.5.

As a threshold matter, habeas corpus is not the

appropriate vehicle for challenging the conditions of one's confinement. *Abuhouran v. Morrison,* No. 02-3427, 49 Fed.Appx. 349 (6th Cir. Sept. 18, 2002); *Okoro v. Scibana*, No. 99-1322, 1999 WL 1252871 (6th Cir. Dec. 15, 1999). Further, the primary cases cited by petitioner in support of his request for sentence modification concern downward departures made by the trial court at sentencing. As such, they are wholly inapplicable here.

Accordingly, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

November 17, 2008